McCORRISTON MILLER MUKAI MacKINNON LLP

KENNETH J. MANSFIELD #7227-0
ELIZABETH A. ROBINSON #7805-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i 96813
Telephone: (808) 59-7300
Facsimile: (808) 524-8293
mansfield@m4law.com
erobinson@m4law.com

Attorney for Defendant
LIBERTY MUTUAL INSURANCE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| MICHAEL T. DOYLE fka MICHAEL T. DINGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN CEMENT, a Hawai'i General Partnership; KNIFE RIVER DAKOTA, INC., a Delaware corporation and general partner of Hawaiian Cement; KNIFE RIVER HAWAII, INC., a Delaware corporation and general partner of Hawaiian Cement; MDU RESOURCES GROUP, INC., a Delaware corporation; JOHN DELONG, individually and as President of HAWAIIAN CEMENT; MICHAEL COAD, individually and as | ) | CIVIL NO. 08-00017 JMS/KSC<br>(Other Civil Action)<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANT LIBERTY MUTUAL INSURANCE CORPORATION'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT UNDER HAWAI'I REVISED STATUTES SECTION 663-15.5 (FILED 12/9/08), AND JOINDERS THERETO, BE GRANTED<br><br>Date : January 13, 2009<br>Time : 9:30 a.m.<br>Judge : Hon. Kevin S.C. Chang<br><br>Trial Date: 09/15/09 |

Vice President of Human Resources of HAWAIIAN CEMENT; BRIAN DERAMOS, individually and as General Manager of HAWAIIAN CEMENT; JON MATSUO individually and doing business as PRINCIPLE-CENTERED SOLUTIONS; HAWAI‘I TEAMSTERS AND ALLIED WORKER, LOCAL 996, a Hawai‘i unincorporated non-profit organization; MELVIN KAHELE, individually and as former President of HAWAII TEAMSTERS AND ALLIED WORKER, LOCAL 996; BEN RAMOS, individually and as Shop Steward and Union Chair of HAWAII TEAMSTERS AND ALLIED WORKER, LOCAL 996; LIBERTY MUTUAL INSURANCE COMPANY; DOES 1-10; )

Defendants. )

199342

FINDINGS AND RECOMMENDATION THAT DEFENDANT LIBERTY MUTUAL INSURANCE CORPORATION’S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT UNDER HAWAI‘I REVISED STATUTES SECTION 663-15.5 (FILED 12/9/08), AND JOINDERS THERETO, BE GRANTED

This matter arises from events that occurred in relation to the employment of Plaintiff Michael T. Doyle (“Plaintiff”) with Defendant Hawaiian Cement (“Hawaiian Cement”). Plaintiff alleges that he was injured during the course of his employment with Hawaiian Cement, and that Hawaiian Cement, its

employees and parent corporations (collectively, “Employer”) acted in bad faith with respect to Plaintiff’s claim for workers’ compensation and Temporary Disability Insurance (“TDI”) benefits. Plaintiff also alleges that Liberty Mutual Insurance Corporation (“Liberty Mutual”), as the workers’ compensation insurer of Hawaiian Cement, acted in bad faith in the processing of Plaintiff’s claims for workers’ compensation and TDI.

Plaintiff reached a confidential settlement with Defendants MDU Resources Inc. (“MDU”), Knife River Dakota, Inc. (“K R Dakota”), Knife River Hawaii, Inc. (“K R Hawaii”), Hawaiian Cement, John DeLong (“DeLong”), Michael Coad (“Coad”), Brian DeRamos (“DeRamos”), and Liberty Mutual. On December 9, 2008, Defendant Liberty Mutual filed a Petition for Determination of Good Faith Settlement Under Hawaiʻi Revised Statutes Section 663-15.5 (“Petition”). The settlement agreement was attached as Exhibit “1” to the Petition and was served upon all parties to this lawsuit. Defendants MDU, K R Dakota, K R Hawaii, Hawaiian Cement, Delong, Coad and DeRamos submitted a Joinder in the Petition on December 10, 2008. Plaintiff also submitted a Joinder in the Petition on December 10, 2008. Defendant Jon Matsuo submitted a Statement of No Position on December 10, 2008, and Defendants Hawaii Teamsters and Allied Workers, Local 996, Melvin Kahele and Ben Ramos submitted a Statement of No Position on December 22, 2008. No opposition to the Petition has been received.

The Petition came forth for hearing on January 13, 2009. After careful consideration of Liberty Mutual's Petition and supporting memorandum, the totality of circumstances, and the absence of opposition to the Petition, the Court hereby FINDS that the settlement between Plaintiff and MDU, K R Dakota, K R Hawaii, Hawaiian Cement, DeLong, Coad, DeRamos and Liberty Mutual is in good faith and RECOMMENDS that a determination of good faith settlement be made.

## DISCUSSION

Pursuant to Hawai'i Revised Statutes ("HRS") Section 663-15.5(a), a good faith settlement: (1) discharges the settling party of liability for contribution to joint tortfeasors; and (2) reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater[.]" Subsection (b) of Section 663-15.5 provides that a party may petition the court for a determination on the issue of good faith of a settlement entered into by a plaintiff and one or more alleged joint tortfeasors. Subsection (d) of Section 663-15.5 provides that a determination by the court that a settlement was made in good faith bars other joint tortfeasors from any further claims against the settling tortfeasor for contribution or indemnity.

In Troyer v. Adams, 102 Hawaiʻi 399, 77 P.3d 83 (2003), the Hawaiʻi Supreme Court adopted the "totality of circumstances" analysis for a trial court's determination of whether a settlement is made in good faith under HRS Section 663-15.5. This approach is grounded in the underlying notion that HRS Section 663-15.5 is intended to encourage settlements and the good faith provision is meant to "merely provide the court with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor." Id. at 110, 77 P.3d at 426.

Whether a settlement is made in good faith is determined by the states of mind of the settling parties, the circumstances that the parties were aware of at the time of settlement, and what might or might not be proven at trial. Troyer, 102 Hawaiʻi at 430, 77 P.3d at 114. The Hawaiʻi Supreme Court set forth a non-exclusive list of issues that may be considered when deciding whether a settlement was made in good faith:

(1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.;
(2) the realistic approximation of total damages that the plaintiff seeks;
(3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
(4) the predicted expense of litigation;
(5) the relative degree of fault of the settling tortfeasors;
(6) the amount of consideration paid to settle the claims;

        (7) the insurance policy limits and solvency of the joint tortfeasors;
(8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
(9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 112. Other factors may be considered when deciding whether a settlement was in good faith. *Id.*

Therefore, an agreement to settle a claim is made in good faith when the totality of circumstances reflects the settlement was not collusive or aimed at injuring the interests of the non-settling parties. HRS Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. Whirlpool Corporation v. CIT Group/Business Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant opposing the motion has the burden of proof that the settlement agreement was not reached in good faith. HRS § 663-15.5(b).

Given the totality of the circumstances, and the multiple Joinders to the Petition and absence of opposition thereto, a finding of good faith settlement is appropriate here. The Court has reviewed the factors set forth in Troyer v. Adams and finds that the essential terms of the settlement agreement meet the purpose of HRS Section 663-15.5 and are reasonable and in good faith. Accordingly, the

Court recommends that the District Court grant Liberty Mutual's Petition and Joinders thereto.

**CONCLUSION**

After careful consideration of Liberty Mutual's Petition and Joinders thereto, and the totality of the circumstances, the Court hereby FINDS that the settlement between Plaintiff and MDU, K R Dakota, K R Hawaii, Hawaiian Cement, DeLong, Coad, DeRamos and Liberty Mutual is in good faith and RECOMMENDS that a determination of good faith settlement be made and that Liberty Mutual's Petition and the Joinders thereto be GRANTED.

DATED: Honolulu, Hawai'i, January 27, 2009.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

Kevin S.C. Chang
United States Magistrate Judge

APPROVED AS TO FORM:

/s/ Dennis W. S. Chang
PETER C. HSIEH
DENNIS W. S. CHANG

Attorneys for Plaintiff
MICHAEL T. DOYLE fka
MICHAEL T. DINGLEY

================================================================================
*Michael t. Doyle v. Hawaiian Cement, et al.*, Civil No. 08-00017 JMS/KSC; PROPOSED FINDINGS AND RECOMMENDATION THAT DEFENDANT LIBERTY MUTUAL INSURANCE CORPORATION'S PETITION

7

FOR DETERMINATION OF GOOD FAITH SETTLEMENT UNDER HAWAI'I REVISED STATUTES SECTION 663-15.5 (FILED 12/9/08), AND JOINDERS THERETO, BE GRANTED

/s/ William N. Ota
BARRY W. MARR
WILLIAM N. OTA

Attorneys for Defendants
HAWAIIAN CEMENT, KNIFE RIVER DAKOTA, INC., KNIFE RIVER HAWAI'I, INC., MDU RESOURCES GROUP, INC., JOHN DELONG, MICHAEL COAD, BRIAN DERAMO and JON MATSUO

/s/ Sean Kim
SEAN KIM

Attorney for Defendants
BEN RAMOS, MELVIN KAHELE, and HAWAI'I TEAMSTERS AND ALLIED WORKERS, LOCAL 996

*Michael t. Doyle v. Hawaiian Cement, et al.*, Civil No. 08-00017 JMS/KSC; FINDINGS AND RECOMMENDATION THAT DEFENDANT LIBERTY MUTUAL INSURANCE CORPORATION'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT UNDER HAWAI'I REVISED STATUTES SECTION 663-15.5 (FILED 12/9/08), AND JOINDERS THERETO, BE GRANTED

8