SEAN KIM   1787-0
1188 Bishop Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 538-1812

Attorney for Defendants BEN RAMOS,
  MELVIN KAHELE and HAWAII
  TEAMSTERS AND ALLIED WORKERS,
  LOCAL 996

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL T. DOYLE fka MICHAEL T. DINGLEY, <br><br> Plaintiff, <br><br> v. <br><br> HAWAIIAN CEMENT, a Hawaii General Partnership, KNIFE RIVER DAKOTA, INC., a Delaware corporation and general partner of HAWAIIAN CEMENT, KNIFE RIVER HAWAII, INC., a Delaware corporation and general partner of HAWAIIAN CEMENT, MDU RESOURCES GROUP, INC., a Delaware corporation, JOHN DELONG, individually and as President of HAWAIIAN CEMENT, MICHAEL COAD, individually and as Vice President of Human Resources of HAWAIIAN CEMENT, BRIAN DERAMOS, individually and as General Manager | Case No. CV 08-00017 JMS KSC <br> (Other Civil Action) <br> FINDINGS AND RECOMMENDATION THAT DEFENDANTS HAWAII TEAMSTERS AND ALLIED WORKERS, LOCAL 996, MELVIN KAHELE AND BEN RAMOS' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT UNDER HAWAI'I REVISED STATUTES SECTION 663-15.5 (FILED 4/7/09) BE GRANTED <br><br><br> Date: May 11, 2009 <br> Time: 9:30 a.m. <br> Judge: Hon. Kevin S.C. Chang <br><br> Trial Date: 09/15/09 |

| | |
|---|---|
| of HAWAIIAN CEMENT, JON MATSUO, individually and doing business as PRINCIPLE-CENTERED SOLUTIONS, HAWAII TEAMSTERS AND ALLIED WORKERS, LOCAL 996, a Hawaii unincorporated non-profit organization, MELVIN KAHELE, individually and as former President of HAWAII TEAMSTERS AND ALLIED WORKERS, LOCAL 996, BEN RAMOS, individually and as Shop Steward and Union Chair of HAWAII TEAMSTERS AND ALLIED WORKERS, LOCAL 996, LIBERTY MUTUAL INSURANCE COMPANY, DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**FINDINGS AND RECOMMENDATION THAT DEFENDANTS HAWAII TEAMSTERS AND ALLIED WORKERS, LOCAL 996, MELVIN KAHELE AND BEN RAMOS' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT UNDER HAWAI'I REVISED STATUTES SECTION 663-15.5 (FILED 4/7/09) BE GRANTED**

This matter arises from events that occurred in relation to the employment of Plaintiff Michael T. Doyle ("Plaintiff") with Defendant Hawaiian Cement ("Hawaiian Cement"). Plaintiff alleges that he was injured during the course of his employment with Hawaiian Cement, by the action of Defendants Hawaii Teamster and Allied Workers, Local 996 ("Local 996), Melvin Kahele ("Kahele") and Ben Ramos ("Ramos"), while they were preforming their duties as the exclusive

representative of the organized employees of Hawaiian Cement, and the business representatives of Local 996.

Plaintiff reached a confidential settlement with Defendants Local 996, Kahele and Ramos. On April 7, 2009, Defendants Local 996, Melvin Kahele and Ben Ramos filed a Motion for Determination of Good Faith Settlement Under Hawai'i Revised Statutes Section 663-15.5 ("Petition"). The settlement agreement was attached as Exhibit "1" to the Motion and was served upon all remaining parties to this lawsuit. Defendants HAWAIIAN CEMENT, KNIFE RIVER DAKOTA, INC., KNIFE RIVER HAWAII, INC., MDU RESOURCES GROUP, INC., JOHN DELONG, MICHAEL COAD, BRIAN DERAMOS and JON MATSUO submitted a Statement of No Position. No opposition to the Motion has been received.

The Motion came forth for hearing on May 11, 2009. After careful consideration of Local 996, Kahele and Ramos' Motion and supporting memorandum, the totality of circumstances, and the absence of opposition to the Motion, the Court hereby FINDS that the settlement between Plaintiff and Local 996, Kahele and Ramos is in good faith and RECOMMENDS that a determination of good faith settlement be made.

**DISCUSSION**

Pursuant to Hawaiʻi Revised Statutes ("HRS") Section 663-15.5(a), a good faith settlement: (1) discharges the settling party of liability for contribution to joint tortfeasors; and (2) reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater[.]" Subsection (b) of Section 663-15.5 provides that a party may petition the court for a determination on the issue of good faith of a settlement entered into by a plaintiff and one or more alleged joint tortfeasors. Subsection (d) of Section 663-15.5 provides that a determination by the court that a settlement was made in good faith bars other joint tortfeasors from any further claims against the settling tortfeasor for contribution or indemnity.

In Troyer v. Adams, 102 Hawaiʻi 399, 77 P.3d 83 (2003), the Hawaiʻi Supreme Court adopted the "totality of circumstances" analysis for a trial court's determination of whether a settlement is made in good faith under HRS Section 663-15.5. This approach is grounded in the underlying notion that HRS Section 663-15.5 is intended to encourage settlements and the good faith provision is meant to "merely provide the court with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor." Id. at 110, 77 P.3d at 426.

Whether a settlement is made in good faith is determined by the states of mind of the settling parties, the circumstances that the parties were aware of at the time of settlement, and what might or might not be proven at trial. Troyer, 102 Hawaiʻi at 430, 77 P.3d at 114. The Hawaiʻi Supreme Court set forth a nonexclusive list of issues that may be considered when deciding whether a settlement was made in good faith:

> (1) the type of case and difficulty of proof at trial, e.g., rearend motor vehicle collision, medical malpractice, product liability, etc.;
>
> (2) the realistic approximation of total damages that the plaintiff seeks;
>
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
>
> (4) the predicted expense of litigation;
>
> (5) the relative degree of fault of the settling tortfeasors;
>
> (6) the amount of consideration paid to settle the claims;
>
> (7) the insurance policy limits and solvency of the joint tortfeasors;
>
> (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
>
> (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 112. Other factors may be considered when deciding whether a settlement was in good faith. Id.

Therefore, an agreement to settle a claim is made in good faith when the totality of circumstances reflects the settlement was not collusive or aimed at injuring the interests of the non-settling parties. HRS Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. Whirlpool Corporation v. CIT Group/Business Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant opposing the motion has the burden of proof that the settlement agreement was not reached in good faith. HRS § 663-15.5(b). Given the totality of the circumstances, and the absence of opposition thereto, a finding of good faith settlement is appropriate here. The Court has reviewed the factors set forth in Troyer v. Adams and finds that the essential terms of the settlement agreement meet the purpose of HRS Section 663-15.5 and are reasonable and in good faith. Accordingly, the Court recommends that the District Court grants Local 996, Kahele and Ramos' Motion.

**CONCLUSION**

After careful consideration of Local 996, Kahele and Ramos's Motion and

no opposition thereto, and the totality of the circumstances, the Court hereby FINDS that the settlement between Plaintiff and Local 996, Kahele and Ramos is in good faith and RECOMMENDS that a determination of good faith settlement be made and that Local 996, Kahele and Ramos' Motion be GRANTED.

DATED: Honolulu, Hawai'i, May 26, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

APPROVED AS TO FORM:

/s/ Peter C. Hsieh
PETER C. HSIEH
DENNIS CHANG
Attorneys for Plaintiff MICHAEL DOYLE

_____
Michael Doyle v. Hawaiian Cement et al., Civil No. 08-00017 JMS/KSC; Findings and Recommendations That Defendants Hawaii Teamsters and Allied Workers, Local 996, Melvin Kahele and Ben Ramos' Motion For Determination of Good Faith Settlement Under Hawai'i Revised Statutes Section 663-15.5 (Filed 4/7/09) Be Granted

/s/ William N. Ota
BARRY W. MARR
WILLIAM N. OTA
Attorneys for Defendants HAWAIIAN CEMENT,
KNIFE RIVER DAKOTA, INC., KNIFE RIVER
HAWAII, INC., MDU RESOURCES GROUP, INC.,
JOHN DELONG, MICHAEL COAD, BRIAN DERAMOS and
JON MATSUO

---

Michael Doyle v. Hawaiian Cement et al., Civil No. 08-00017 JMS/KSC; Findings and Recommendations That Defendants Hawaii Teamsters and Allied Workers, Local 996, Melvin Kahele and Ben Ramos' Motion For Determination of Good Faith Settlement Under Hawai'i Revised Statutes Section 663-15.5 (Filed 4/7/09) Be Granted